.UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES ZWERICAN, and
SABRINA ZWERICAN,                    CASE NO. 16-cv-13195

    *Plaintiffs*,                    DISTRICT JUDGE THOMAS LUDINGTON
                                            MAGISTRATE JUDGE PATRICIA MORRIS

*v*.

PENNYMAC LOAN SERVICES, LLC,
and FNBN 1, LLC,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS TO DISMISS (Doc. 3)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion To Dismiss, (Doc. 3), be **GRANTED**, and that Plaintiffs' Complaint, (Doc. 1, Ex. 1, Pls.' Compl.), be **DISMISSED**.

**II.   REPORT**

    **A.   Introduction**

On June 19, 2016, Plaintiffs James and Sabrina Zwerican ("Plaintiffs") filed suit in the Circuit Court for the County of Tuscola against Defendants PennyMac Loan Services, LLC ("PennyMac") and FNBN I, LLC ("FNBN"). Defendants removed the case to this federal district court on September 6, 2016. (Doc. 1.) District Judge Thomas L. Ludington referred all pretrial matters to the undersigned Magistrate Judge on September 12, 2016. (Doc. 3). Thereafter, Defendants filed the instant Motion To Dismiss on

1

September 13, 2016, (Doc. 3), and Plaintiffs filed a response on October 27, 2016, (Doc. 6), to which Defendants replied, (Doc. 8).

On November 9, 2006, Plaintiffs and non-party Mortgage Electronic Registration Systems, Inc. ("MERS")—acting as nominee for National Banking Association—executed the note and mortgage at issue. (Doc. 1, Ex. 1, Pls.' Compl. at 2); (Doc. 3, Ex. A). The mortgage included a power of sale clause, granting the mortgagee power to sell the property by advertisement upon default of the mortgagor. (Doc. 3, Ex. A). On November 29, 2006, the mortgage was recorded in the Tuscola County Records. (Doc. 1, Ex. 1, Pls.' Compl. at 2). MERS assigned the mortgage to PennyMac on January 18, 2010, (Doc. 3, Ex. D), and PennyMac in turn assigned the mortgage to FNBN, (Doc. 3, Exs. B-C).

In 2014, Plaintiffs allege that they applied for a loan modification, and that on March 16, 2015, PennyMac mailed "a Modification Agreement" to them, which they subsequently executed and sent back to PennyMac. (Doc. 1, Ex. 1, Pls.' Compl. at 3); (Doc. 1, Ex. 1, Pls.' Compl., Ex. A). Plaintiffs allege that they "mailed multiple payments to PennyMac, pursuant to the terms of the Modification Agreement," but that "each and every payment that was mailed . . . was returned." (Doc. 1, Ex. 1, Pls.' Compl. at 3). In January 2016, Plaintiff retained counsel and contacted "KJ Miller"—who serves as counsel for Defendants—and Miller indicated that "there appeared to be an open loan modification on file and that all Plaintiffs needed to do was sign the documents and submit it to PennyMac to accept." (*Id.*). Plaintiffs' counsel "asked [Miller] what would need to be drafted since the documents appeared stale having been executed almost a year

2

prior," and Miller said that Plaintiffs' counsel would need "to work with foreclosure counsel toward a resolution." (*Id.*). The foreclosure counsel directed Plaintiffs' counsel to "contact PennyMac directly to attempt to work toward a resolution." (Doc. 1, Ex. 1, Pls.' Compl. at 4). "Plaintiff's counsel has been attempting to obtain some answers with respect to the Modification Agreement executed by Plaintiffs, but thus far, has been unsuccessful." (*Id.*).

According to the sheriff's deed on record, Plaintiffs defaulted under the terms of the mortgage, and the property was sold at a sheriff's sale on January 21, 2016. (Doc. 3, Ex. E). Plaintiff's dispute their default. (Doc. 1, Ex. 1, Pls.' Compl. at 4) ("Plaintiffs were not in default of the modified agreement."). Information contained in the affidavits of posting and purchase also shows that the date to redeem the property expired on July 21, 2016, and that Defendants furnished the requisite notices of the foreclosure sale before it occurred. (*Id.*).

### B. Motion To Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can

be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . .

4

. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

    **C.**    **Analysis**

Plaintiffs' Complaint contains two distinct claims: wrongful foreclosure and negligence. Though they frame a request for declaratory relief as a separate count, I construe this as a request for declaratory relief upon a favorable ruling on Plaintiff's other counts. I address each count in turn.

5

### 1. Wrongful Foreclosure

Plaintiffs argue that they "were scheduled to begin making their modified monthly payments on May 1, 2015," that they in fact "made several monthly payments" which "were returned," and that despite "significant efforts to work toward a resolution with Defendants, including retaining counsel, Plaintiffs' have been unable to correct the error made by Defendants." (Doc. 1, Ex. 1, Pls.' Compl. at 5). "Plaintiffs have been prejudiced as a result of this irregularity." (*Id.*). Plaintiffs then ask the Court to declare that "the Modification Agreement executed by Plaintiffs is valid, and that the subject foreclosure action (including Sheriff's sale) is invalid as Plaintiffs were not in default of the modified agreement." (Doc. 1, Ex. 1, Pls.' Compl. 4). They also ask the Court to "[e]nter a Judgment setting aside the Sheriff's sale, and voiding the Sheriff's Deed; . . ." (Doc. 1, Ex. 1, Pls.' Compl. at 5). To this, Defendants contend that "Plaintiffs do not have standing to challenge the foreclosure, and each of [their] claims does exactly that." (Doc. 3 at 5).

Foreclosures by advertisement are governed by statute under Michigan law, which provides that "[u]nless the premises described in [a sherrif's] deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, . . ." M.C.L.A. § 600.3236; *see Conlin v. Mortg. Electronic Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). This rule reflects an interest in finality, and to protect this interest, "the ability for a court to set aside a sheriff's sale has

6

been drastically circumscribed" as to mortgagors who do not avail themselves of the right of redemption before its expiration. *Conlin*, 714 F.3d at 359; *cf. Awad v. Gen. Motors Acceptance Corp.*, 2012 WL 1415166, at *3 (Mich. Ct. App. Apr. 24, 2012) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942)). Indeed, mortgagors may only set aside a statutory foreclosure if they present "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Kubicki v. Mortg. Electronic Registration Sys.*, 292 Mich. App. 287, 289 (Mich. Ct. App. 2011) (quoting *Sweet Air Invs., Inc. v. Kenney*, 275 Mich. App. 492, 497 (2007)). Mortgagors must also plead prejudice resulting from the fraud or irregularity—"which means that 'they would have been in a better position to preserve their interest in the property absent [the] defendant's noncompliance with [§ 600.3204]'"—to accomplish their desired result. *Nance v. Bank of America, N.A.*, 638 F. App'x 476, 478 (6th Cir. 2016).

Plaintiffs do not contest the evidence on record suggesting that the redemption period expired on July 21, 2016. To set aside the sale, therefore, Plaintiff must first plead fraud or irregularity in the foreclosure process itself. *Accord Facione v. CHL Mortg. Tr. 2006-J1*, 628 F.App'x 919, 921 (6th Cir. 2015). In addition, Plaintiffs must plead that the fraud or irregularity prejudiced them such that they "would have been in a better position to preserve [their] interest in the property absent [Defendants'] noncompliance . . ." *Id.* at 921-22 (quoting *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (2012)) (internal quotation marks omitted).

Plaintiffs' complaint may be read to suggest (in vague terms) that Miller and PennyMac misled them, or refused to engage with them, in attempting to resolve confusion as to a loan modification agreement. However, these statements would not suffice to show "fraud or irregularity in 'the legal measures' of the foreclosure process." *Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012); *accord, e.g.*, *Ross v. Federal Nat. Mortg. Ass'n*, No. 13-12656, 2014 WL 3597633, at *5 (E.D. Mich. July 22, 2014) (finding that fraud or irregularity with respect to the loan modification process is entirely separate from the foreclosure process); *Farnsworth v. Nationstar Mortg. LLC*, No. 13-11283, 2013 WL 3944435, at *4 (E.D. Mich. July 31, 2013) ("Negotiations regarding loan modification are simply not part of the foreclosure process . . . ."). In their response, Plaintiffs allege that they "made several of their monthly payments pursuant to the Modification Agreement, all of which were returned" and instead foreclosure proceedings were initiated. (Doc.6 at 6.) To the extent that Plaintiff alleges a practice referred to as "dual tracking," which has been described as "a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification[,]" that claim also fails to establish fraud or an irregularity. *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 585 (E.D. Mich. 2014) (citation omitted).

Numerous courts in this circuit have held that "dual tracking violations relate to the loan modification process rather than the foreclosure process," therefore even if accepted as true, Plaintiffs' allegation of dual tracking cannot demonstrate a "fraud or irregularity" necessary to expand the redemption period. *Kloss*, 996 F. Supp. 2d at 585;

8

*see also Bey v. LVN Corp.*, No. 14-13723, 2015 WL 4546752, at *11 (E.D. Mich. July 28, 2015); *Boluch v. J.P. Morgan Chase Band*, No. 14-14705, 2015 WL 1952285, at *2 (E.D. Mich. Apr. 29, 2015); *Elezaj v. U.S. Bank, Nat. Ass'n*, No. 14-CV-10485, 2014 WL 4965906, at *5 (E.D. Mich. Oct. 3, 2014). Because Plaintiffs have not pointed to any fraud or irregularity in the foreclosure process whatsoever, they are not entitled to tolling of the redemption period, and cannot recover ownership of the Property.

Nor would such conduct run afoul of any statute—indeed, M.C.L. § 600.3205c, which required mortgage holders to "'work with the borrower to determine whether the borrower qualifies for a loan modification,'" was repealed nearly two years prior to any date that Plaintiffs' claims may plausibly have accrued. *Lock v. Bank of America*, No. 14-13223, 2015 WL 1637493, at *4 (E.D. Mich. Apr. 13, 2015) ("In the matter at hand, [the] foreclosure . . . took place on July 8, 2014, over a year after the effective repeal date of MCL 600.3205c . . . . Therefore, Plaintiff's [loan modification claim] . . . fail[s] as a matter of law.").

Even assuming, *arguendo*, Plaintiffs properly allege fraud or irregularity as to the foreclosure process, Plaintiffs' pleadings as to prejudice remain entirely conclusory. Plaintiffs merely insist that "Plaintiffs have been prejudiced as a result of [the modification agreement] irregularity." (Doc. 1, Ex. 1, Pls.' Compl. at 5). This essentially supposes that because Defendants acted unlawfully or improperly, Plaintiffs were prejudiced. But such a "circular claim of prejudice is wholly inadequate to survive a motion to dismiss." *Dunn-Mason v. JP Morgan Chase Bank, N.A.*, No. 11-cv-13419, 2013 WL 5913684, at *7 (E.D. Mich. Nov. 1, 2013).

9

For these reasons, Plaintiffs' pleadings would not entitle them to any relief from the foreclosure sale at issue. Because they have no legal interest in the property, and do not sufficiently allege fraud or irregularity in the foreclosure process, they cannot challenge the results of the foreclosure by advertisement. *E.g.*, *Overton v. Mortg. Electronic Registration Sys.*, No. 284950, 2009 WL 1507342, at *2 (Mich. Ct. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.").

In reaching this result, I note that the Sixth Circuit has cautioned courts dismissing this class of suit—following a plaintiff's divestment under M.C.L.A. § 600.3236 ("Unless the premises described in such deed shall be redeemed within the time limited for such redemption . . . such deed shall thereupon become operative, and shall vest in the grantee therein named, . . . all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, . . .")—against grounding their decision on jurisdictional standing. *E.g.*, *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013) (interpreting such dismissals as reflecting the inability of plaintiffs' fraud or irregularity claims "to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale"); *Cruz v. Capital One, N.A.*, 2016 WL 3522321, at *4 (June 28, 2016) ("The idea that the expiration of the redemption period time divests a Court of the power and authority to adjudicate the claim because the plaintiffs have no standing is foreign to Federal jurisprudence. The standing argument itself is a merits argument, not a jurisdictional argument."). At the same time, however, finding a plaintiff incapable of pleading fraud or irregularity sufficient to set aside a

foreclosure sale, as here, would indeed deprive her of a "legal cause of action," as required for standing to challenge a foreclosure by advertisement under Michigan law. *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 372 (2010).[1]

Whether conceived in jurisdictional or merit-based terms, Plaintiffs have not alleged any cognizable legal injury that would entitle them to declaratory or other relief from the foreclosure by advertisement.

### 2. Negligence

Plaintiffs contend that Defendants "had a duty" to accept Plaintiffs' payments under the modification agreement, that they "breached their respective duties by failing to honor" the agreement in refusing Plaintiff's payments, and that their breach caused "significant damage as their Property was sold at Sheriff's sale and they now face the possibility of being evicted as a result." (Doc. 1, Ex. 1, Pls.' Compl. at 6). These allegations fail to state a claim for relief because they cannot circumvent the economic loss doctrine.

---

[1] I observe, with some hesitation, that the absence of such injury under state law, in certain circumstances, would seemingly *also* reveal the absence of an "actual" "invasion" of a "concrete and particularized," "legally protected interest" as required for Article III standing in a jurisdictional sense. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The effect of this distinction between 'merits-based' and 'jurisdiction-based' standing as yet remains uncertain. As the Sixth Circuit suggested in *Houston v. U.S. Bank Home Mortgage Wisconsin Servicing*, 505 F. App'x 543, 548 (6th Cir 2012), "*Overton*'s holding does not turn on standing doctrine, because such an interpretation appears to be contrary to Michigan Law," a proposition for which it cited *Manufacturers Hanover Mortgage Corporation v. Snell*, 142 Mich. App. 548, 553 (Mich. Ct. App. 1985). However, *Snell* merely recognized that "[t]he [Michigan] Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceedings." 142 Mich. App. at 553. *Snell*'s discussion of this practice occurred in a separate context and only graced its jurisdictional implications, citing case law that far predated the foreclosure by advertisement statute at issue in this and many other cases. *See Reid v. Rylander*, 270 Mich. 263, 267 (1935); *Gage v. Sanborn*, 106 Mich. 269, 279 (1895). In short, if squarely considered anew, the distinction urged by the Sixth Circuit (and to which I defer) may prove superfluous.

To state a claim for negligence under Michigan law, a Plaintiff must demonstrate: (1) "a duty owed to the plaintiff by the defendant"; (2) "breach of that duty"; (3) "causation"; and (4) "damages." *Coyer v. HSBC Mortg. Services, Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (quoting *Brown v. United States*, 583 F.3d 916, 920 (6th Cir. 2009)) (internal quotation marks omitted). Although "violations of regulations may provide evidence of negligence," a plaintiff must nevertheless direct the court to such regulations and "establish that [they] imposed a duty on the lender that was owed to the borrower." *McKerracher v. Green Tree Servicing, LLC*, No. 1:15-cv-235, 2015 WL 9942621, at *7 (W.D. Mich. Dec. 17, 2015). When parties have a contract (*e.g.*, a mortgage or modification agreement) in Michigan, however, a tort claim does not arise unless the duty breached exists "independent from the contractual obligations of the breaching party." *Id.* at *6. Plaintiffs make no allegation that some duty *independent of* the mortgage contract was breached by any defendant. In cloaking their breach of contract claim as negligence, Plaintiffs denied it potency. *Accord, e.g.*, *Kemp v. Resurgent Capital Services*, No. 13-11794, 2013 WL 5707797, at *9 (E.D. Mich. Oct. 21, 2013) ("Under Michigan law, a party is barred from recovering economic losses in tort, where the losses were suffered because of a breach of duty assumed only by contract."); *Gen. Motors v. Alumi-Bunk, Inc.*, 482 Mich. 1080 (2008).

For these reasons, Plaintiffs' negligence claim should be dismissed with prejudice as to all defendants.

### D. Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion To Dismiss, (Doc. 3), be **GRANTED**, and that Plaintiffs' Complaint, (Doc. 1, Ex. 1, Pls.' Compl.), be **DISMISSED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date: February 9, 2017                                  S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: February 9, 2017        By s/Kristen Castaneda
                                              Case Manager